IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 20 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

| | |
|---|---|
| THE MUSIC CLASS, INC., a Georgia corporation; and<br>ROBERT G. SAYER, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>MUSIC TOGETHER, LLC, a limited liability company of New Jersey;<br>MUSIC & MOVEMENT CENTER, LLC, a limited liability company of New Jersey,<br><br>    Defendants. | Civil Action No.:<br><br>1:06-CV-2540<br><br>RWS<br><br>Copyright<br>Declaratory Judgment |

## COMPLAINT

## NATURE OF THE ACTION

Plaintiffs, The Music Class, Inc. ("Music Class") and Robert G. Sayer ("Sayer"), through their undersigned attorneys. complain of defendants, Music Together, LLC ("MT") and Music & Movement Center, LLC ("M&MC"), as follows:

- 1 -

1. This is an action seeking a declaratory judgment that plaintiffs do not infringe any valid copyrights of defendants and that plaintiffs have not violated any state unfair competition law, whether statutory or at common law.

## PARTIES

### Plaintiffs

2. Music Class is a corporation organized and existing under the laws of the State of Georgia, having its principal offices at 8985 Ridgemont Drive, Atlanta, Georgia 30350-1611.

3. Sayer is an individual residing at 8985 Ridgemont Drive, Atlanta, Georgia 30350-1611, and Sayer is the CEO of Music Class.

### Defendants

4. MT is a limited liability company of New Jersey having a registered agent at 66 Witherspoon Street, Princeton, New Jersey 08542.

5. M&MC is a limited liability company of New Jersey having a registered agent at 66 Witherspoon Street, Princeton, New Jersey 08542.

## JURISDICTION AND VENUE

6.  This action arises under the federal Copyright Act, 17 U.S.C. §101, *et seq.*, and under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

7.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because this action arises under an Act of Congress relating to copyrights and because it contains a claim of unfair competition joined with a substantial and related claim under the copyright laws. Subject matter jurisdiction over this action is conferred upon this court by 17 U.S.C. § 1121, 28 U.S.C. §1331, and 28 U.S.C. §1338, and jurisdiction pendent thereto..

8.  Venue is properly laid in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), in that, on information and belief, defendants are all doing and transacting business within this judicial district, and they have each committed the acts complained of herein within this judicial district, and they are subject to personal jurisdiction in this district.

## STATEMENT OF FACTS AND SOLE CAUSE OF ACTION

9.  Plaintiffs, Music Class and Sayer, and defendants, MT and M&MC, are all in the business of providing music education to children.

10. Plaintiff Sayer is a former student of defendant MT, and, as such, is a fully paid up licensee of defendant MT.

11. On October 11, 2006, counsel for defendants MT and M&MC wrote a letter, a true copy of which is attached hereto as Exhibit 1, in which plaintiffs Sayer and Music Class were expressly accused of infringing copyrights of MT and M&MC, as well as committing acts in violation of state unfair competition law.

12. Plaintiffs Sayer and Music Class deny infringing any copyrights of MT or M&MC, and plaintiffs further deny committing any act in violation of state unfair competition law, whether statutory or at common law.

13. A case of actual controversy between plaintiffs and defendants exists under 28 U.S.C. §§ 2201 and 2202.

14 A declaratory judgment will serve a useful purpose in clarifying and settling legal relations at issue between the parties, and it will terminate and afford relief to Music Class and Sayer from the uncertainty, insecurity, and controversy giving rise to this proceeding.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Music Class and Sayer respectfully request declaratory relief against defendants MT and M&MC that:

A.  Plaintiffs have not infringed any valid copyright of defendants.

B.  Plaintiffs have not violated any state unfair competition laws, whether statutory or at common law

C.  The costs of this action and plaintiffs' reasonable attorneys' fees be taxed against the defendants, in accordance with 17 U.S.C. § 505.

D.  Plaintiffs be awarded such other and further relief as this honorable court may deem equitable and proper.

The undersigned hereby certifies compliance with LR 5.1C (Times New Roman, 14 point)

Respectfully submitted,

Dated: __October 20, 2006__   By: _____
Sanford J. Asman
Georgia Bar No. 026118
Law Office of Sanford J. Asman
570 Vinington Court
Atlanta, Georgia  30350
Phone : (770) 391-0215
Fax    : (770) 668-9144
E-mail : sandy@asman.com

By: *[signature: Robert J. Kaufman]*
Robert J. Kaufman *
* (Signed with Express Permission)
Georgia Bar No. 409197
E-mail: rjk@kauflaw.net

By: *[signature: John B. Sivertsen]*
John B. Sivertsen
* (Signed with Express Permission)
Georgia Bar No. 649425
E-mail: jbs@kauflaw.net

Kaufman, Miller & Sivertsen, P.C.
8215 Roswell Rd., Bldg. 800
Atlanta, Georgia 30350
Phone : (770) 390-9200
Fax   : (770) 395-6720

Attorneys for Plaintiffs



**BROWN RAYSMAN MILLSTEIN FELDER & STEINER**

Exhibit 1

Nancy J. Mertzel
Counsel
212-895-2012
nmertzel@brownraysman.com

October 11, 2006

BY FEDERAL EXPRESS

Mr. Rob Sayer
Director
The Music Class, Inc.
2500 Old Alabama Road, Suite 18
Roswell, GA 30076

Re:   Infringement of Music Together Copyrighted Works

Dear Mr. Sayer:

We represent Music Together LLC, and Music & Movement Center LLC (collectively, "Music Together"). We write to demand that The Music Class, Inc. cease and desist from infringing Music Together's copyrighted works and from making unfair use of Music Together's techniques, as set forth more fully below.

As a former Music Together teacher and licensee, you are intimately familiar with the Music Together works and techniques. For example, you were trained in nearly all of the Music Together song repertoire, and were taught the Music Together techniques for working with children and training teachers. You also had unfettered access to nearly all of Music Together's copyrighted materials.

It is our understanding that The Music Class songs, techniques and written materials were created through pervasive copying of Music Together works and techniques Such copying includes, for example:

- substantially similar copies of original Music Together songs including "Wiggle" by Lili Levinowitz, "The Train Song" by Art Levinowitz, and "Merry Go Round" by Lynn Lobban;

- substantially similar copies of numerous Music Together arrangements of traditional songs;

Mr. Rob Sayer
October 11, 2006
Page 2

- extensive copying of Music Together teacher training videos including specific activities, movements and props;

- extensive copying of the Music Together Teacher Training Manual, including the lesson plan format, and of the Music Together Parent Guide;

- copying of questions from Music Together's evaluation form;

- substantially similar copies of Music Together's Music Aptitude graphs and developmental charts;

- overall copying of Music Together's program and curriculum.

For example, your website and materials blatantly copy Music Together's description of its classes. A comparison appears below:

| Music Together Summer 1998 Class Offerings | The Music Class Website About Us Page |
|---|---|
| Informal Instruction: Children may or may not participate as they choose and do so according to their developmental level  The class experience, reinforced by tape listening and parent involvement, stimulates learning at home through play. | Informal Instruction. Children participate as they choose and do so at their own developmental level. We stimulate learning through play. |
| Mixed Ages: Activities focus on adult/child interaction rather than child/child interaction, so children of different ages (such as siblings) can enjoy class together. | Mixed Age Classes. Children of different ages (such as siblings) can enjoy class together. |
| Infants: A child's music development benefits greatly from early exposure as an infant, so we have added a new class for babies (not available in the summer) | Young Children, Including Infants. A child's music development is greatly enhanced by early exposure. |

Mr Rob Sayer
October 11, 2006
Page 3

The above-described activities constitute copyright infringement in violation of the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*, and may also violate state laws against unfair competition. Pursuant to the Copyright Act, The Music Class may be subject to an injunction prohibiting future infringement. In addition, The Music Class may be subject to an award of its profits from the infringement, or, at Music Together's option, an award of statutory damages. In the case of willful infringement, the court can assess statutory damages at up to $150,000 per infringement. The Music Class may also be subject to an award of court costs and Music Together's attorneys' fees.

Under the circumstances, our client demands that The Music Class: 1) acknowledge the validity of Music Together's copyrighted works; and 2) cease and desist from use of any copies of Music Together works. Once we have confirmation that the infringement has stopped, we will contact you to discuss a resolution of this matter, which may include financial compensation for the infringing uses. Please contact me no later than October 20 to confirm your agreement to the foregoing. If we do not hear from you by then, we will recommend that our client consider further legal action.

Nothing contained in or omitted from this letter shall be deemed an admission by our client of any facts or constitute a waiver or full statement of any rights, claims or remedies it may have, all of which are expressly reserved.

Very truly yours,

Nancy J. Mertzel

NJM:zs
cc:   Music Together LLC

BRMFS1 949752