# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

```
------------------------------------------------------------- x
THE MUSIC CLASS, INC., a Georgia corporation;    :
and ROBERT G. SAYER, individually,               :
                                                 :
                                                 :
           Plaintiffs,                           :
                                                 :  Civil Action No.:
                                                 :
         vs.                                     :
                                                 :  1:06-CV-2540
                                                 :
MUSIC TOGETHER, LLC, a limited liability         :
company of New Jersey; and MUSIC &               :
MOVEMENT CENTER, LLC, a limited liability        :
company of New Jersey,                           :
                                                 :
                                                 :
           Defendants.                           :
------------------------------------------------------------- x
MUSIC TOGETHER, LLC, a limited liability         :
company of New Jersey; and MUSIC &               :
MOVEMENT CENTER, LLC, a limited liability        :
company of New Jersey,                           :
                                                 :
                                                 :
         Counterclaim-Plaintiffs,                :
                                                 :
                                                 :
         vs.                                     :
                                                 :
THE MUSIC CLASS, INC., a Georgia corporation;    :
and ROBERT G. SAYER, individually,               :
                                                 :
                                                 :
         Counterclaim-Defendants.                :
------------------------------------------------------------- x
```

## ANSWER AND COUNTERCLAIMS

Defendants Music Together, LLC ("MT") and Music & Movement

Center, LLC ("MMC") (collectively, "Music Together"), by their undersigned

attorneys, hereby respond to the Complaint of Plaintiffs The Music Class, Inc.

("TMC") and Robert G. Sayer ("Sayer") as follows:

<u>**ANSWER**</u>

1.      Defendants admit that the action seeks a declaratory judgment and

deny the remaining allegations set forth in paragraph 1 of the Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 2 of the Complaint and deny

said allegations on that basis.

3.      Defendants lack knowledge and information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 3 of the Complaint and deny

said allegations on that basis

4.      Defendants admit the allegations set forth in paragraph 4 of the

Complaint.

5.      Defendants admit the allegations set forth in paragraph 5 of the

Complaint.

6.      Defendants admit the allegations set forth in paragraph 6 of the

Complaint.

BRMFS1 963727v3

7.     Defendants admit the allegations set forth in paragraph 7 of the Complaint, except aver that the doctrine of "pendent jurisdiction" was replaced by supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.     Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9.     Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10.     Defendants admit that Sayer is a former student at defendant MT, and deny the remaining allegations set forth in paragraph 10 of the Complaint.

11.     Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12.     Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13.     Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in paragraph 14 of the Complaint.

WHEREFORE, Defendants respectfully request that the Court deny the relief requested in the Complaint in its entirety.

BRMFS1 963727v3

## COUNTERCLAIMS

As and for their Counterclaims against Plaintiffs, Defendants allege as follows:

### Parties

1.    Defendant-Counterclaim Plaintiff MT is a New Jersey limited liability company with a principal place of business at 225 Hopewell-Pennington Road, Hopewell, New Jersey 08525.

2.    Defendant-Counterclaim Plaintiff MMC is a New Jersey limited liability company with a principal place of business at 225 Hopewell-Pennington Road, Hopewell, New Jersey 08525.

3.    Upon information and belief, Plaintiff-Counterclaim Defendant TMC is a Georgia corporation with a principal place of business located at 8985 Ridgemont Drive, Atlanta, GA 30350-1611.

4.    Upon information and belief, Plaintiff-Counterclaim Defendant Sayer is an individual residing at 8985 Ridgemont Drive, Atlanta, GA 30350-1611.

### Jurisdiction

5.    This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a)

(copyright), 28 U.S.C. § 1338(b) (unfair competition) and 28 U.S.C. § 1367

(supplemental jurisdiction).

## Facts Common To All Counterclaims

Music Together's Innovative Program

6.      Music Together, one of the leading early childhood music programs in

the United States, was founded by Kenneth K. Guilmartin and the Music Together

program was first offered to the public in 1987.  Mr. Guilmartin, a graduate of

Swarthmore and the Manhattan School of Music and a certified Dalcroze trainer

with a background in both composition and teaching, and Lili Levinowitz, a co-

author of the Music Together program who was then a Ph.D. student at Temple

University and is now Professor of Music Education at Rowan University and

Director of Research at the Center for Music and Young Children (the "Center"),

first introduced the Music Together program at the Center, which is located in

Princeton, New Jersey.

7.      The Music Together program is based on years of research, both

scientific and practical, as well as on a unique synthesis and application of research

conducted by others in the field.  Based on its intensive research, the Music

Together program differs from other early childhood music education programs

5

available in the marketplace in significant ways. These differences distinguish Music Together from other programs.

8. For example, Music Together was the first early childhood music education program to include parents in its classes, the first to send materials home with the children, the first to create a developmentally appropriate instruction for, and thus to offer, mixed age classes. In addition, while most early childhood music education programs schedule two long semesters of 30-minute classes per year, Music Together's research indicated that shorter semesters and longer classes would be more effective. Consequently, Music Together offers three 10-week semesters each year, along with a shorter 6-week summer semester, with 45-minute long classes. To allow parents to enroll their child in any session and receive a consistent music experience, Music Together developed a non-sequential three year cyclical curriculum, rotating 9 distinct song collections crafted with the same balance of music and activity types that Music Together's research determined were best for the development of music aptitude.

9. Aside from the basic structure of its classes, Music Together's research has led it to incorporate significant differences in the classes themselves. To provide but one example of its many innovative classroom practices, Music

Together was the first early childhood music program to use only D and A note resonator bells.  Music Together introduced this novel concept based upon its research and had to make special arrangements with a resonator bell manufacturer for its teachers to purchase only two notes, rather than a full octave of resonator bells.  Music Together has created original songs and carefully selected, adapted and arranged traditional songs that work with the D and A notes.  Upon information and belief, until TMC copied Music Together's innovation, Music Together was the only early childhood music program to use only D and A resonator bells.

10.     Music Together expended substantial time, energy, money and skill developing the Music Together program.

11.     Music Together also complied in all respects with the Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright for elements of the Music Together program, including original songs and compilations and written materials, and received from the Register of Copyrights certificates of registration, dated and identified as follows:

7

- May 5, 2005, No. TX 6-426-558 (Spring/Summer '98 Music Together National Newsletter);

- May 5, 2005, No. TX 6-240-646 (Spring 96 Music Together Newsletter);

- May 25, 1990, No. TX 2-952-402 (Music and Your Child: A Guide for Parents and Caregivers);

- May 25, 1990, No. SR 117-279 (Music Together: A Parent Child Enrichment Program, Fall 1988);

- May 25, 1990, No. SR 117-204 (Music Together: A Parent Child Enrichment Program, Winter 1988);

- May 25, 1990, No. SR 117-280 (Music Together: A Parent Child Enrichment Program, Spring 1989);

- December 23, 2003, No. SR 351-738 (Music Together Songs Bongos Collection (Fall 1999));

- March 16, 2005, No. SR 366-173 (Music Together Songs "Sticks" Song Collection Teacher Edition (Winter 1999));

- March 16, 2005, No. SR 366-176 (Music Together Songs "Drum" Collection (Fall 1998));

- March 16, 2005, No. SR 366-174 (Music Together Songs "Tambourine" Collection Teacher Edition (Spring 1999));

- December 23, 2003, No. PA 1-224-809 (Music Together Songs Bongos Collection (Teacher Edition));

- March 16, 2005, No. PA 1-291-724 (Music Together "Sticks" Song Collection (Winter 1999));

- March 16, 2005, No. PA 1-291-778 (Music Together "Tambourine" Collection (Spring 1999));

8

- March 16, 2005, No. PA 1-291-725 (Music Together "Drum" Collection (Fall 1998));

- March 16, 2005, No. PA 1-291-720 (Music Together "Jingle Bells" Collection (Winter 1998));

- March 16, 2005, No. PA 1-291-719 (Music Together "Triangle" Collection (Spring 1998)); and

- March 16, 2005, No. PA 1-291-721 (Music Together "Maracas" Collection (Fall 1997)).

Defendants' Infringing Program

12.    In or about 1993, Plaintiff-Counterclaim Defendant Sayer opened a Music Together center in Atlanta, Georgia as a Music Together licensee.

13.    As a Music Together licensee, Sayer received initial and continuing training and education in and access to the Music Together program and materials, including copyrighted songs and brochures, proprietary teacher training materials such as live workshops available only to teachers and research.

14.    In or about January 1998, Sayer notified Music Together that he intended to terminate his license and develop his own program.  Sayer formed TMC, and began licensing "his" program, exactly as Music Together had done. Upon information and belief, TMC has franchisees in 30 states and several countries.

15.    Instead of developing his own program, Sayer slavishly copied Music Together's program, with minor and irrelevant alterations.

16.    TMC has willfully infringed Music Together's copyright in various materials and newsletters.  For instance, TMC's brochure contains the following class descriptions that were copied, word for word, from Music Together's copyrighted newsletter:

- "informal instruction: children participate as they choose and do so at their own developmental level.  We stimulate learning through play"; and

- "mixed-age classes: activities focus on adult/child interaction rather than child/child interaction, so that children of different ages (such as siblings) can enjoy class together".

17.    TMC has copied numerous other key phrases from the Music Together brochure including "a child's musical development is greatly enhanced by early exposure", the designation of free-play songs as "play-alongs", the use of the phrase "Basic Music Competence", the use of the phrase "understanding and enhancing [your] child's music development" to describe a "parent education evening" and others, each of which constitutes an element of Music Together's copyrightable expression.

18.     TMC also willfully copied original songs for which Music Together had obtained copyright registrations, including Wiggle, The Train Song and Merry Go Round, Music Together's original arrangements of traditional children's songs and other materials, such as Music Together's developmental charts.

19.     In addition, TMC has willfully copied Music Together's designated and original vocal range, which was determined based on Music Together's own research and interpretation and application of the research of others in the field.

20.     TMC has also instructed its teachers and licensees to use instructions and choreography created by Music Together for the same traditional children's songs and for songs TMC created as copies of Music Together's wholly original compositions.

21.     In addition to copying Music Together's copyrightable expression, TMC has also appropriated to itself nearly every significant aspect of the Music Together program, all of which Music Together expended extensive time, money, labor and skill in developing.

22.    For instance, Music Together's program is based on nine non-sequential song collections that are rotated over a three year period, with a summer session "anthology" compiled from the nine collections.

23.    Slavishly copying Music Together's program, TMC also offers nine non-sequential collections rotated over a three year period, with a summer session "anthology" compiled from the nine collections.

24.    Based upon its research, Music Together has carefully determined the type and balance of songs to include within a collection.  Each song collection is balanced to include certain activities (e.g., large movement songs, fingerplays, chants, lullabies, etc.) and ratios of major tonality to non-major tonality songs and duple meter to non-duple meter songs.  TMC has attempted to replicate that balance in its song collections.

25.    TMC has adopted other elements of Music Together's program that Sayer learned as a Music Together licensee and had been unique to Music Together and developed at great expense of time, money, skill and effort, such as:

•    Music Together's semester schedule and class duration;

12

- Music Together's prescribed lesson plans, including the timing and use of elements such as instruments, "play-alongs," focus songs, and large movement activities;

- Music Together's use of a "Parent Education Night" in the third week of the semester;

- Music Together's designated class sizes;

- Music Together's use of mixed-age classes; and

- Music Together's overall business model.

26.    TMC simply trains its licensees and teachers to use these elements that Music Together developed through years of research, expense and hard work.

## **First Counterclaim**

### **(Direct Copyright Infringement)**

27.    Music Together repeats and realleges the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.    As set forth above, TMC has infringed and is infringing Music Together's copyright in its songs, arrangements, choreography and written materials.

29.    As a direct and proximate result of TMC's wrongful conduct, Music Together has suffered and will continue to suffer irreparable harm for which Music Together has no adequate remedy at law.

BRMFS1 963727v3

30.    In addition to an injunction, Music Together is entitled to an award of damages for the economic harm they have suffered, and continue to suffer, in amounts to be proven at trial.

## Second Counterclaim

### (Contributory Copyright Infringement)

31.    Music Together repeats and realleges the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.    TMC's licenses its program to third parties throughout the United States and internationally.

33.    TMC's licensees are infringing Music Together's copyrighted songs, arrangements, choreography and written materials.

34.    TMC has knowingly induced, caused and/or materially contributed to the infringement by its licensees.

35.    As a direct and proximate result of TMC's wrongful conduct, Music Together has suffered and will continue to suffer irreparable harm for which Music Together has no adequate remedy at law.

14

36.    In addition to an injunction, Music Together is entitled to an award of damages for the economic harm they have suffered, and continue to suffer, in amounts to be proven at trial.

## Third Counterclaim

### (Vicarious Copyright Infringement)

37.    Music Together repeats and realleges the allegations contained in paragraphs 1 through 367 as if fully set forth herein.

38.    TMC licenses its program to third parties throughout the United States and internationally.

39.    TMC's licensees are infringing Music Together's copyrighted songs, arrangements, choreography and written materials.

40.    TMC possesses the right and ability to supervise the infringing conduct of others, and has an obvious and direct financial interest in the exploitation of the copyrighted materials.

41.    As a direct and proximate result of TMC's wrongful conduct, Music Together has suffered and will continue to suffer irreparable harm for which Music Together has no adequate remedy at law.

BRMFS1 963727v3

42.    In addition to an injunction, Music Together is entitled to an award of damages for the economic harm they have suffered, and continue to suffer, in amounts to be proven at trial.

### Fourth Counterclaim

### (Unfair Competition)

43.    Music Together repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.    Music Together expended extensive time, money, labor and skill in creating the Music Together program.

45.    TMC's use of the Music Together program in competition with Music Together, as set forth above, constitutes common law unfair competition in states in which TMC operates or has licensees.

46.    As a direct and proximate result of TMC's wrongful conduct, Music Together has suffered and will continue to suffer irreparable harm for which Music Together has no adequate remedy at law.

BRMFS1 963727v3

47.     In addition to an injunction, Music Together is entitled to an award of damages for the economic harm they have suffered, and continue to suffer, in amounts to be proven at trial.

### Fifth Counterclaim

**(Unjust Enrichment)**

48.     Music Together repeats and realleges the allegations contained in paragraphs 1 though 47 as if fully set forth herein.

49.     TMC's use of Music Together materials and the Music Together program without paying Music Together constitutes common law unjust enrichment in states in which TMC operates or has licensees.

50.     As such, Music Together is entitled to an award of damages arising out of TMC's use of its product without payment.

51.     Additionally, TMC must disgorge to Music Together the profits it has received from "licensing" the Music Together program to its licensees.

## Sixth Counterclaim

### (Conversion)

52.     Music Together repeats and realleges the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.     Music Together's program was novel.

54.     Disclosure of the Music Together program was made to Sayer only in consideration of his agreement to license the Music Together program.

55.     As set forth in above, TMC has adopted and made use of the Music Together program.

56.     As a direct and proximate result of TMC's wrongful conduct, Music Together has suffered and will continue to suffer irreparable harm for which Music Together has no adequate remedy at law.

57.     In addition to an injunction, Music Together is entitled to an award of damages for the economic harm they have suffered, and continue to suffer, in amounts to be proven at trial.

BRMFS1 963727v3

## Seventh Counterclaim

### (Breach of Duty of Good Faith and Fair Dealing)

58.    Music Together repeats and realleges the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59.    Sayer obtained the Music Together program under a license from Music Together.

60.    TMC's adoption of the Music Together program to compete with Music Together violates the duty of good faith and fair dealing implied in the license as a matter of law.

61.    As a direct and proximate result of TMC's wrongful conduct, Music Together has suffered and will continue to suffer irreparable harm for which Music Together has no adequate remedy at law.

62.    In addition to an injunction, Music Together is entitled to an award of damages for the economic harm they have suffered, and continue to suffer, in amounts to be proven at trial.

WHEREFORE, Music Together demands judgment on the Counterclaims as follows:

19

(a)    On the First, Second and Third Counterclaims, actual damages, in an amount to be proven at trial, or alternatively, statutory damages, and an award of costs and attorney's fees;

(b)    On the Fourth Counterclaim, damages in an amount to be proven at trial;

(c)    On the Fifth Counterclaim, damages in an amount to be proven at trial and an award of TMC's profits realized from its licensing efforts;

(d)    On the Sixth Counterclaim, damages in an amount to be proven at trial;

(e)    On the Seventh Counterclaim, damages in an amount to be proven at trial;

(f)    On all Counterclaims, temporary, preliminary and permanent injunctive relief; and

(g)    Such other and further relief as the Court deems right and proper.

Respectfully submitted,

/s/ William H. Needle
William H. Needle
Ga. Bar No. 536400
bneedle@needlerosenberg.com
Robin L. Gentry
Ga. Bar No. 289899

Dated: January 5, 2007

Needle & Rosenberg, P.C.
999 Peachtree Street, Suite 1000
Atlanta, Georgia  30309
Tel: (678) 420-9300


OF COUNSEL:
Nancy J. Mertzel, Fed ID # NM2858

THELEN REID BROWN RAYSMAN &
  STEINER LLP
900 Third Avenue
New York, New York 10022
Tel: (212) 895-2000

ATTORNEYS FOR DEFENDANTS

BRMFS1 963727v3

## <u>CERTIFICATE OF SERVICE</u>

I, William H. Needle, hereby certify that on Friday, January 5, 2007, I electronically filed DEFENDANTS MUSIC TOGETHER, LLC and MUSIC & MOVEMENT CENTER, LLC'S ANSWER TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

**John Barry Sivertsen** (attorney for Plaintiffs)
Kaufman, Miller & Sivertsen
jbs@kauflaw.net

**Robert J. Kaufman** (attorney for Plaintiffs)
Kaufman, Miller & Sivertsen
rjk@kauflaw.net

**Sanford Jay Asman** (attorney for Plaintiffs)
Office of Sanford J. Asman
sandy@asman.com

/s/ William H. Needle
William H. Needle
bneedle@needlerosenberg.com

BRMFS1 963727v3